65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne EXUM, Defendant-Appellant.
 No. 95-5229.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1995.
 
 Before: MARTIN, GUY, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Wayne Exum, entered guilty pleas to two counts of aiding and abetting the possession with intent to distribute and the actual distribution of one ounce of cocaine base. He was sentenced to concurrent prison terms of 87 months, to be followed by concurrent supervised release sentences of five years, and was ordered to pay a $100 special assessment. On appeal, Exum contends that the district court erred in enhancing his sentence two levels for possession of a dangerous weapon during the crimes. We find no error and affirm.
 
 
 2
 In December 1993, a confidential informant telephoned the residence shared by Exum and Lajuana Williams at 2005 Alta Vista in Memphis and arranged to purchase crack cocaine from the defendant. Exum explained, however, that he was too busy to complete the transaction personally and that the informant should meet Williams at a specified apartment in a complex some distance away from the defendant's abode. Williams was later observed leaving Exum's and her home and traveling to the designated meeting spot, where she sold the informant 22 grams of crack cocaine for $900. Williams then eventually returned to the Alta Vista address.
 
 
 3
 Three weeks later, the informant and Exum planned for an additional sale of crack cocaine. On January 6, 1994, Exum and Dale Hines met the informant in the parking lot of a Memphis grocery store. The defendant and the informant first walked into the store while Hines entered a nearby restaurant. The informant, pursuant to Exum's directions, then returned to the defendant's car where Hines sold him 23.2 grams of crack in exchange for another $900.
 
 
 4
 Later in January, members of the Memphis DEA Drug Task Force obtained a search warrant for the defendant's Alta Vista address. When officers observed Exum driving toward the residence, however, they stopped his vehicle and confiscated a prescription drug bottle containing 2.3 grams of crack cocaine. A subsequent search of the residence revealed 13 firearms scattered throughout three rooms of the home. Six of the guns were loaded with ammunition and four of the weapons had been reported stolen. Eight of the guns were found in Exum's bedroom closet, which was blocked by a large-screen television. A briefcase containing approximately $9,700 in cash and three grams of marijuana were also found in that bedroom.
 
 
 5
 After their arrests, both Exum and Williams gave statements to the authorities and admitted that they had been involved in drug trafficking for at least two years. Both co-defendants also admitted ownership of many, but not all, of the weapons recovered from their home. Exum vehemently denied, however, any connection with the marijuana found on the premises.
 
 
 6
 Prior to trial, the defendant entered a plea of guilty to the charges leveled against him in connection with the crack cocaine sales on December 16, 1993, and January 6, 1994. At the sentencing hearing, the district court determined that the amount of drugs with which Exum could be connected corresponded with a base offense level of 30. Two levels were added to the calculation for possession of firearms during the offense and three levels were deducted as a reward for the defendant's acceptance of responsibility. The district court then sentenced Exum to 87 months in prison on each count, the minimum guideline sentence available for a level 29, criminal history category 1 defendant. On appeal, Exum contests only the district court's two-level enhancement of his base offense level pursuant to USSG Sec. 2D1.1(b)(1).
 
 
 7
 Pursuant to the current relevant provisions of USSG Sec. 2D1.1(b)(1), the base offense level for drug offenses is to be increased two levels "[i]f a dangerous weapon (including a firearm) was possessed." Prior to November 1, 1991, Sec. 2D1.1(b)(1) provided for a two-level increase in sentence only if a dangerous weapon were possessed "during commission of the [drug] offense." See USSG App.C, Amendment 394. Consequently, we stated at the time, "In order for Sec. 2D1.1(b)(1) to be applicable, the government must establish (1) that the defendant 'possessed' the weapon, and (2) that such possession was during the commission of the offense." United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). After the effective date of the amendment, however, the government is no longer required to establish possession of the dangerous weapon during the actual distribution of the contraband drugs. Instead, the sentencing court may now view all conduct relevant to the offense to determine the applicability of the enhancement provision.
 
 
 8
 This court has held that "[p]ossession of a weapon is established if it 'could have facilitated [the] illegal transactions.' " United States v. Zimmer, 14 F.3d 286, 290 (6th Cir.1994) (citing United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989)). Such a possibility has been shown in this case. Even though Exum insists that the eight weapons he admitted owning were stored in a closet blocked by a television screen, five additional firearms, some of which were loaded, were found readily accessible in other parts of the residence. Although it is true that the defendant was not the legal owner of some of those weapons, there was no apparent impediment to his use of them and no indication that such devices could not have "facilitated the illegal transactions." The defendant's "possession" of dangerous weapons in this case is thus beyond legitimate dispute.
 
 
 9
 Once such possession of a dangerous weapon is established, "[t]hen the burden is on the defendant to show it is 'clearly improbable' the weapon was connected with the offense." United States v. Calhoun, 49 F.3d 231, 236 (6th Cir.1995).
 
 
 10
 We agree with the district judge that the defendant wholly failed to carry his burden in this respect. His contention that the guns were simply "for hunting and for collection" is not supported by the record. As the district judge noted, many of the handguns were unsuitable for hunting and most of the weapons were loaded, thus belying their alleged status as collectibles.
 
 
 11
 The district judge likewise rejected defense counsel's argument that because guns were found at Exum's residence at the time of the search, but cocaine was not, no nexus between the weapons and the drugs could be drawn. The district judge concluded, correctly we think, that the residence was the staging area for Exum's cocaine business and that the weapons were there to protect his illegal operation. Given the evidence in the record concerning telephone calls to the residence to set up buys, the courier's presence there, the cash found hidden in the closet, and the number and type of weapons found on the premises, we can only conclude that the two-level increase under Sec. 2D1.1(b)(1) was fully justified.
 
 
 12
 We therefore AFFIRM the judgment of the district court.